1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL CRENSHAW, | No. 2:22-cv-000711 TLN AC PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATION |
| THE ARBORS AT ANTELOPE, | |
| Defendant. | |

Plaintiff Carl Crenshaw is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute; that request was granted. See 28 U.S.C. § 1915(a)(1), ECF No. 3. In the order granting IFP status, the undersigned declined to serve plaintiff's complaint and provided plaintiff an opportunity to file an amended complaint. ECF No. 3. Plaintiff filed an amended complaint within the designated timeframe. ECF No. 4. The First Amended Complaint ("FAC") is now before the undersigned for screening.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff sues the Arbors at Antelope, alleging that he and his family moved into the complex in August of 2019. ECF No. 4 at 3. Plaintiff alleges he informed the Arbors at Antelope of dangerous chemicals and mold that placed himself and his family in the intensive care unit in December of 2021. Id. Plaintiff states that he is bringing a §1983 and §1986 civil rights complaint. Id. at 1. Plaintiff requested that Arbors management conduct emergency testing of his family's living unit. Id. Plaintiff alleges he suffered irreparable injury due to the neglect of policy and procedures by the Arbors staff and management. Id.

## III.  NO FEDERAL JURISDICTION

Plaintiff's complaint must be dismissed because there is no basis for federal jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

Though plaintiff claims that this lawsuit is based on 42 U.S.C. §1983, the facts alleged do not support a § 1983 claim because plaintiff does not identify a constitutional right that was violated or indicate that any government actors were responsible for the situation giving rise to

this lawsuit. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's FAC, which brings claims against private property owners, does not establish any constitutional violation nor does it identify any defendant acting under color of state law.

To the extent plaintiff alleges a claim under 42 U.S.C. § 1986 (creating liability for an individual who knew of a conspiracy to violate 42 U.S.C. § 1985 and had the power to stop it but did not), that claim also fails as a matter of law. The Ninth Circuit has "adopted the broadly accepted principle that a cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). Plaintiff has no valid claim for relief under § 1985. The only potentially applicable portion of that statute is §1985(3). To state a claim under §1985(3), a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). The facts alleged here support neither a conspiracy nor a constitutional rights violation.

For these reasons, the FAC does not state any federal claim and there is no potential basis for federal jurisdiction.

## IV.  NO LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after

4

careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, there is no basis for federal jurisdiction in this case, and that further amendment cannot cure that defect. The complaint should therefore be dismissed without leave to amend.

## V.  PRO SE PLAINTIFF'S SUMMARY

The facts stated in your First Amended Complaint do not support a federal cause of action, so this case cannot proceed in federal court. Your dispute with the Arbors at Antelope does not support a claim under 42 U.S.C. § 1983 because that law applies to violations of constitutional rights by public officials. The conspiracy statute, 42 U.S.C. §§ 1985 & 1986, only applies to conspiracies to violate federal rights. The problems with your residence do not involve any federal constitutional rights. Issues related to housing are governed by California state law. This federal court can only hear cases involving (1) parties from different states, where there is over $75,000 in controversy; and (2) alleged violations of federal law. Your case does not fall into either category, so it cannot be considered in this court. For this reason, the magistrate judge is recommending that your case be dismissed without further leave to amend. The district judge will make the final decision.

## VI.  CONCLUSION

Accordingly, IT IS RECOMMENDED that this case be DISMISSED with prejudice for lack of federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v.

////

////

Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: June 7, 2022

*/s/ Allison Claire*

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE